# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 09-32943 MER |
| RANCHER ENERGY CORP. | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| RANCHER ENERGY CORP. | ) | Adversary No. 10-1173 MER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GAS ROCK CAPITAL, LLC | ) | |
| | ) | Signed/Docketed |
| Defendant. | ) | November 2, 2011 |

## ORDER

THIS MATTER comes before the Court on the following:

- *Gas Rock Capital, LLC's Motion for Summary Judgment on Rancher's Fourth Claim for Relief–Usury* (Docket No. 44), and Rancher Energy Corporation's Response (Docket No. 72) ("Motion 1").

- *Gas Rock Capital, LLC's Motion for Summary Judgment on Rancher's Fifth, Sixth, Seventh, Eighth and Ninth Claims for Relief Based on Payment of Creditors in Full* (Docket No. 46), and Rancher Energy Corporation's Response (Docket No. 71) ("Motion 2").

- *Gas Rock Capital, LLC's Motion for Summary Judgment on Rancher's Seventh and Ninth Claims for Relief Based on Insider Allegations* (Docket No. 48), and Rancher Energy Corporation's Response (Docket No. 70) ("Motion 3").

- *Motion for Partial Summary Judgment on Gas Rock Capital, LLC's Claim for Attorney's Fees Arising in this Adversary Proceeding* (Docket No. 4) filed by Rancher Energy Corporation, and Gas Rock Capital, LLC's Response (Docket Nos. 94 and 95) ("Motion 4").

- *Gas Rock's Objections to and Motion to Strike Certain Summary Judgment Evidence of Plaintiff Rancher Energy Corp. in Response to Gas Rock's Motions for Summary*

*Judgment* (Docket No. 93), and Rancher Energy Corporation's Response (Docket No. 99) ("Motion 5").

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 (a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H), as it involves the recovery of preferences and fraudulent conveyances.

## BACKGROUND FACTS

On October 28, 2009, Debtor Rancher Energy Corporation ("Rancher") filed a voluntary petition for Chapter 11 relief. On February 12, 2010, Rancher filed its *Complaint (1) to Recharacterize Interests as Liens; (2) for Damages Resulting from Violations of Usury Law; (3) to Avoid Fraudulent Transfers; (4) to Avoid Preferences; and (5) to Avoid Unauthorized Postpetition Payments* ("Complaint") against Defendant Gas Rock Capital, LLC ("Gas Rock").

The Complaint alleges on October 16, 2007, Rancher executed a promissory note in favor of Gas Rock in the amount of $12,240,000 (the "Note"). Under the credit agreement attached to the Note (the "Credit Agreement"), this obligation to Gas Rock was secured by liens on substantially all of Rancher's real and personal property. In addition, the following loan documents were executed by Rancher and Gas Rock: (i) a Mortgage, Security Agreement, Financing Statement and Assignment of Production and Revenues, dated October 16, 2007 (the "Mortgage"), (ii) a Security Agreement, dated October 16, 2007 by Rancher in favor of Gas Rock (the "Security Agreement"), (iii) the Restricted Account and Securities Account Control Agreement, dated October 16, 2007 (the "Account Control Agreement"), and (iv) UCC-1 financing statements and other collateral and security documents.[1]

As an additional condition of the loan, Rancher transferred to Gas Rock a 2% overriding royalty interest ("ORRI"), in all oil and gas produced on Rancher's property. The Credit Agreement was amended on October 22, 2008, extending the original maturity date of the Note to April 30, 2009. Amended credit agreements, each extending the maturity date by about a week, were then executed on May 27, 2009. In return for these extensions, Gas Rock required an extension of the ORRI (the "Extension ORRI"). On June 3, 2009, Gas Rock and Rancher entered into a final credit agreement (the "Eighth Amendment") extending the maturity date of the Note to October 15, 2009. For this extension, Gas Rock required a 10% net profit interest ("NPI"), as well as an increase in the interest rate floor to 16%. On October 28, 2009, after it was unable to find replacement financing, Rancher filed its Chapter 11 petition.

Rancher asserts the initial ORRI and the Extension ORRI had a value of approximately $9.4 million and $7 million, respectively. Rancher further asserts the credit agreement allowed it

---

[1] *See* Complaint ¶ 15.

to repurchase one-half of the initial ORRI through payment to Gas Rock of an amount that would guarantee Gas Rock a 20% return on the Note, and allow Rancher to repurchase one-third of the total ORRI interest for a guaranteed return from 20% to 40%. In addition, Rancher could have repurchased two-thirds of the 10% NPI for $2 million ($300,000 per percentage point) during the first two months of the extension period, or repurchase one-third of the 10% NPI for $1.3 million ($400,000 per percentage point) during the remaining two months of the extension period. Rancher estimates the value of the 10% NPI to be $35.4 million.

The Complaint contains the following nine claims for relief: (i) "recharacterization" of the ORRI as a security interest, not a conveyance; (ii) "recharacterization" of the Extension ORRI as a security interest, not a conveyance; (iii) "recharacterization" of the 10% NPI as a security interest, not a conveyance; (iv) damages resulting from Gas Rock's violation of usury law; (v) recovery of the ORRI, the extension ORRI, and the NPI as constructive fraudulent transfers under 11 U.S.C. § 548(a)[2]; (vi) recovery of the ORRI, the extension ORRI, and the NPI under the fraudulent transfer acts of Wyoming or Colorado and § 544; (vii) avoidance of the extension ORRI, and payments made on the ORRI and the NPI after October 29, 2008, as preferential transfers under § 547; (viii) recovery of postpetition interest payments as avoidable postpetition transfers under § 549; and (ix) equitable subordination of Gas Rock's claim under § 510(c). On October 10, 2010, the Court entered an Order granting in part and denying in part *Gas Rock Capital, LLC's Motion to Dismiss Complaint of Rancher Energy Corp. Pursuant to Federal Rule of Bankruptcy Procedure 7012(b)*. Pursuant to that Order, Rancher's Claims 1, 2, and 3, were dismissed.

Gas Rock's *Answer to Complaint*, filed after its Motion to Dismiss, admits the parties entered into the Note and Credit Agreement, with eight amendments. Gas Rock generally denies the allegations pertaining to avoidable postpetition transfer and equitable subordination.

As defenses, Gas Rock states the ORRI and NPI conveyances were absolute grants of interest in Rancher's property, with no intent to create security interests. Moreover, Gas Rock asserts the fees received by Gas Rock from Rancher do not constitute payments of interest, and Gas Rock's loan was a qualified commercial loan. Gas Rock also states the initial ORRI conveyance was outside the fraudulent transfer period and the preferential transfer period set forth in §§ 547 and 548, and Rancher was not insolvent at the time of the conveyances of the ORRI's and NPI. Further, Gas Rock contends the payments on the ORRIs and the NPI were not transfers of Rancher's property. As additional affirmative defenses, Gas Rock asserts the payments were not on account of antecedent debt, Rancher received reasonably equivalent value, Gas Rock did not receive more than it would in a Chapter 7, the payments occurred in the ordinary course of Rancher's business, and Gas Rock is not an insider of Rancher.

---

[2] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

## DISCUSSION

### A.  Standards for Summary Judgment

A court may grant summary judgment pursuant to FED. R. CIV. P. 56(c), made applicable to bankruptcy proceedings under FED. R. BANKR. P. 7056, where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  All facts and inferences must be viewed in the light most favorable to the non-moving party.[3]  The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case, identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial.[4]

### B.  Motion 1 and Motion 2 – Fourth and Sixth Claims for Relief

In the Complaint, Rancher acknowledges the existence of the loan by Gas Rock, and its obligation to repay the loan, and then asserts the values of the ORRI's and NPI were more than triple the loan amount, in contravention of law.[5]  The parties agree Texas law applies to the Credit Agreement.[6]

The applicable statute, V.T.C.A. FINANCE CODE § 305.003, Liability for Usurious Legal Interest, provides:

> (a) A creditor who charges or receives legal interest that is greater than the amount authorized by this subtitle is liable to the obligor for an amount that is equal to the greater of:
>
>> (1) three times the amount computed by subtracting the amount of legal interest allowed by law from the total amount of interest charged or received; or

---

[3]  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

[5]  See, V.T.C.A. FINANCE CODE § 305.004 (authorizing recovery for interest twice the amount of the legal rate); *First Bank v. Tony's Tortilla Factory, Inc.*, 877 S.W.2d 285, 287 (Tex. 1994); *see also Walker & Assocs. Surveying, Inc. v. Roberts*, 306 S.W.3d 839, 852 (Tex. App. 2010) (holding in the absence of other agreement, 6% is the legal rate).

[6]  *See* Gas Rock's Motion to Dismiss Complaint (Docket No. 6), at 5, and Rancher's Response to Motion to Dismiss (Docket No.11), p.4.

(2) $2,000 or 20 percent of the amount of the principal, whichever is less.[7]

Under Texas law, the essential elements of a usurious transaction are: 1) a loan of money, 2) an absolute obligation to repay the principal, and 3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower.[8] The parties agree the loan is a "qualified commercial loan" and the maximum non-usurious rate of interest is 18% per annum.[9] However, the parties have each set forth complex calculations and interpretations of the Texas statute attempting to indicate various elements of their transaction should, or should not be, considered usurious. In the absence of testimony, the Court cannot adequately address the applicability of the competing calculations and interpretations, and therefore cannot determine whether the award of summary judgment on this issue is warranted.

Of additional concern, as a result of the recent decision of the United States Supreme Court in *Stern v. Marshall*, ___U.S.___, 131 S.Ct. 2594 (2011), a question of jurisdiction may exist with respect to Rancher's Fourth Claim for Relief (for damages resulting from Gas Rock's violation of usury law) and Rancher's Sixth Claim for Relief (for recovery under the fraudulent transfer acts of Wyoming or Colorado and § 544). To avoid any jurisdictional questions as this case proceeds towards trial, the Court will therefore require the parties to formally consent to this Court's adjudication of the issues or, alternatively, file simultaneous briefs addressing the issue of whether this Court has jurisdiction to adjudicate those claims without such consent.

### C.     Motion 2 – Fifth, Seventh, Eighth, and Ninth Claims for Relief

In Motion 2, Gas Rock argues all creditors of Rancher will be paid in full, depriving Rancher of standing to assert avoidance actions on behalf of creditors, because no creditors would benefit from such actions. In addition, Gas Rock asserts even if Gas Rock acted inequitably, the payment in full of other creditors would mean no purpose would be served by subordinating Gas Rock's claims. Finally, Gas Rock contends payments made to Gas Rock under the NPI and ORRI are not property of the estate and therefore arenot subject to avoidance under § 549.

Rancher challenges these assertions noting it has not obtained confirmation of a Chapter 11 plan, and has not paid its creditors in full. Rancher suggests it is not certain creditors will be paid in full. In addition, Rancher argues, even if it paid creditors in full in the future, certain other creditors would benefit from avoidance of Gas Rock's payments, and it would be inequitable to allow Gas Rock to benefit from the malfeasance alleged by Rancher.

---

[7] V.T.C.A. Finance Code § 305.003(a).

[8] *Tony's Tortilla Factory*, *supra*, at 287.

[9] Gas Rock's Brief in Support of Motion 1 (Docket No. 45), at 13; Rancher's Response (Docket No. 72), p. 8.

Because questions of fact exist about whether Rancher will pay its creditors in full, and whether Gas Rock committed the inequitable acts alleged by Rancher, summary judgment is inappropriate at this time. Therefore, Motion 2, as it pertains to Rancher's Fifth, Seventh, Eighth, and Ninth Claims for Relief is denied.

### D.  Motion 3 – Seventh and Ninth Claims for Relief

In support of its request for summary judgment on Rancher's Seventh Claim for Relief (the "Preference Claim") and Rancher's Ninth Claim for Relief (the "Equitable Subordination Claim"), Gas Rock states it is not, and was not, an insider of Rancher, because it did not exercise day-to-day control of Rancher. Instead, Gas Rock asserts it merely acted as Rancher's lender. Gas Rock also asserts the transactions between the parties reflect negotiation at arm's length, with both parties represented by counsel, and with each party acting in its own best interest. In addition, Gas Rock contends Rancher's allegations of Gas Rock's inequitable conduct lack merit.

In response, Rancher argues Gas Rock was a nonstatutory insider because it had inside information about Rancher and engaged in non-arm's length transactions with Rancher. Rancher also states Gas Rock cannot demonstrate the absence of a dispute concerning Gas Rock's alleged inequitable conduct.

As noted above, it is disputed whether Gas Rock had inside information about Rancher and there are material disputes about whether the Eighth Amendment was an arm's-length transaction, which would permit a finding that Gas Rock was an insider of Rancher. Thus, Gas Rock is not entitled to summary judgment on Rancher's claim to avoid the 1% ORRI and 10% NPI. Similarly, there are material disputes about whether Gas Rock engaged in inequitable conduct if Rancher's fraudulent conveyance and usury claims survive summary judgment. As a result, Gas Rock is not entitled to summary judgment on Rancher's claim for equitable subordination under § 510(c).

### E.  Motion 4

Gas Rock contends its costs of defense in this adversary proceeding fall within the expenses defined in Section IV-M of the Mortgage. Specifically, Gas Rock argues Rancher is liable to Gas Rock for "all reasonable and customary costs and expenses heretofore or hereafter incurred by [Gas Rock] for legal . . . services rendered to it in connection with the making of the initial or any future loan to [Rancher] secured in whole or in part by the liens and security interests [of the Mortgage] or in the enforcement of any of [Gas Rock's] rights [under the Mortgage]."[10] Moreover, Gas Rock asserts Texas law supports its request for fees.

Rancher, however, argues the contract allowing for the reimbursement of fees and costs is itself the subject of the dispute, and the indemnity clause is, therefore, subject to dispute and

---

[10] Motion 4, Gas Rock Exhibit 6 at 15.

interpretation. In addition, Rancher asserts avoidance actions, as they arise from statute, may not be held to arise from the disputed contract and are not subject to fee provisions in the contract.

The Court agrees the contract containing the fee provision is the subject of dispute between the parties. Without a full trial on the merits, and an opportunity to resolve the disputed issues of fact, the Court cannot evaluate the effectiveness of the contract's fee provision, and cannot determine Gas Rock is entitled to summary judgment as a matter of law on this issue. Therefore, Motion 4 is denied.

**F.     Motion 5**

In this Motion, Gas Rock seeks to strike the affidavit of Mr. Nicolaysen submitted with Rancher's responses to the Motions for Summary Judgment. Gas Rock alleges Mr. Nicolaysen does not have personal knowledge of the matters in the affidavit, in violation of FED. R. CIV. P. 56(c)(4).[11]

While Rule 56(c)(4) indeed requires affidavits in support of summary judgment motions to be made on personal knowledge, the Court finds it is not possible to determine whether Mr. Nicolaysen has such knowledge in the absence of in-person testimony and the ability to cross-examine. Because the motions for summary judgment, with the above-noted exceptions, are denied, the request to strike Mr. Nicolaysen's testimony must be denied as moot. All parties will have the opportunity to present evidence subject to cross-examination at trial, and may raise issues such as personal knowledge at that time.

## CONCLUSION

For the reasons stated above,

IT IS ORDERED Motion 1, and that part of Motion 2 pertaining to Rancher's Fourth and Sixth Claims for Relief, is denied.

IT IS FURTHER ORDERED  Motion 2, as it pertains to Rancher's Fifth, Seventh, Eighth, and Ninth Claims for Relief is denied.

IT IS FURTHER ORDERED Motion 3 is denied.

IT IS FURTHER ORDERED Motion 4 is denied.

IT IS FURTHER ORDERED Motion 5 is denied as moot.

---

[11] That provision states: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

IT IS FURTHER ORDERED that by **December 1, 2011**, the parties shall file a document with the Court stating they formally consent to this Court's adjudication of all issues raised in this case. In the event either party wishes not to consent to jurisdiction, both parties shall file briefs concerning the jurisdictional issue in light of the United States Supreme Court's ruling in *Stern v. Marshall*, ___U.S.___, 131 S.Ct. 2594 (2011).

Dated November 2, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge